The Honorable Ben Allen State Senator P.O. Box 2635 Little Rock, AR 72203
Dear Senator Allen:
This is in response to your request for an opinion regarding the Arkansas Franchise Practices Act, which is codified at A.C.A.4-72-201, et seq.
As indicated in your correspondence, the franchisee in this instance is an Arkansas corporation having its principal office in the State of Arkansas. You state that the owner of 100% of the outstanding stock of the franchise desires to sell all such stock to an unrelated Arkansas corporation. You also note that under the terms of the franchise agreement and, based upon relevant corporate law, the franchisor has no right to receive notice from the franchisee or the owner of the stock of the franchisee with respect to the sale of the stock or to consent to the sale of the stock.
You have presented the following specific issue in this regard:
 Does the Act create any right or remedy in favor of the franchisor in addition to such rights and remedies, if any, that exist under the franchise agreement? In other words, does the Act permit the franchisor to object to the sale of stock or terminate the franchise pursuant to the provisions of the Act in such circumstances where the franchisor would not otherwise have such right under the terms of the franchise agreement?
The Franchise Practices Act ("Act") defines the relation ship and responsibilities of franchisors and franchisees in connection with franchise agreements. The Act was prompted in part by the historic problem of lost rights and interests, as reflected in the emergency clause of the original Act.[1] The legislation essentially constitutes an attempt to correct the unequal bargaining power between franchisors and franchisees. See Mercedes-Benz of North America, Inc. v. Department of Motor Vehicle of the State of Florida, 455 So.2d 404, 410 (1984).
The rights and relationships of persons governed by the Act must be considered with this background in mind. In responding to your question, specific reference must be made to A.C.A. 4-72-204 and4-7-205. Section 4-7-205 sets forth the obligations of the franchisor and the franchisee in connection with a transfer, assignment, or sale of a franchise. The franchisee must give notice of intent to transfer, assign, or sell a franchise or interest therein. A.C.A. 4-72-205(a). The franchisor must then reply within sixty (60) days, either approving the transaction or outlining why the proposed transferee is unacceptable. The latter course of action must be based upon ". . . a material reason relating to the character, financial ability, or business experience of the proposed transferee." A.C.A. 4-72-205(b)(1).
With regard, specifically, to the franchisor's rights and remedies, A.C.A. 4-7-204 must be considered wherein it states that "[i]t shall be a violation of this subchapter for a franchisor to . . . terminate or cancel a franchise without good cause." A.C.A. 4-72-204(a)(1). (Emphasis added.) "Good cause" is defined under A.C.A. 4-72-202(7) to include, in pertinent part, the following:
 (A) Failure by a franchisee to comply substantially with the requirements imposed upon him by the franchisor, or sought to be imposed by the franchisor, which requirements are not discriminatory as compared with the requirements imposed on other similarly situated franchisees, either by their terms or in the manner of their enforcement. . . .
A review of these provisions compels the conclusion that the Act does not vest the franchisor with an independent cause of action or remedy, apart from the franchise agreement. Section 4-72-205
establishes a process by which notice must be given of the franchisee's intended actions in connection with the transfer, assignment, or sale of a franchise or interest therein. This notice will act as a bar if the franchisor does not reply within the requisite sixty (60) days.
If the franchisor does timely object, setting forth a "material reason" within the confines of 4-72-205(b)(2), the appropriateness of the franchisor's subsequent actions in attempting to terminate the franchise can only be determined by referring to the terms of the franchise agreement. This follows from the fact that the franchisor cannot terminate the franchise without "good cause," and the definition of "good cause" requires reference to "requirements imposed upon [the franchisee] by the franchisor."
Thus, A.C.A. 4-72-205 operates to protect the franchisee to the extent that it limits the bases upon which the franchisor could terminate the franchise due to the unacceptability of a proposed transferee, assuming that the franchisor's remedy in this regard is created under the franchise agreement. It is my opinion, however, that Section 4-72-205 does not itself create such a remedy.
If, therefore, as stated in your request, the franchise agreement does not otherwise establish such termination rights, it may reasonably be concluded that the Arkansas Franchise Act may not be relied upon as an alternative source of authority for this remedy. It must be noted, additionally, that nothing in this opinion should be construed to imply that the Act necessarily applies to the transaction in question. A determination in this regard will depend upon all of the particular facts and circumstances.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Section 13 of Act 355 of 1977 states, in part, that ". . . some franchisors have, without good cause and to the great prejudice and harm of the citizens of the State of Arkansas, cancelled existing franchise agreements and . . . other such cancellations are threatened."